Alicia PERRY, Plaintiff,

v.

James BEGGS, Defendant.

Civ. A. No. 83–2086.

United States District Court,
District of Columbia.

Dec. 14, 1983.

Karl W. Carter, Jr., Washington, D.C., for plaintiff.

John W. Polk, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16. Based upon the defendant's motion to dismiss, plaintiff's opposition thereto, the supplemental memoranda filed pursuant to the Court's request, and the entire record herein, it is by the Court this 13th day of December, 1983,

ORDERED that defendant's motion to dismiss is hereby denied.

## I.  Facts

Plaintiff, Alicia Perry, has been employed by NASA as an Equal Opportunity Manager since January, 1981, when she was hired as a GS–9 level worker. (Complaint, ¶ 6.) Plaintiff's responsibilities include working on discrimination complaint programs focusing on equality for minorities, women, handicapped and aged employees. *Ibid.* In September, 1981, plaintiff was promoted to the GS–11 level (*Id.* ¶ 7.) In August, 1982, plaintiff was nominated for an Exceptional Performance Award and requested a promotion to the GS–12 level. *Ibid.* Plaintiff was denied the promotion and the performance award. (*Id.* ¶ 8.) Plaintiff alleges that since making the demand for a promotion NASA has taken reprisals against her for what in effect is being successful in performing the duties of her job. (*Id.* ¶ 11.)

Plaintiff filed an EEO complaint of discrimination with NASA on May 19, 1983. (Defendant's Motion to Dismiss; Attachment I.) After only sixty-three days and prior to her receipt of a right-to-sue notice, plaintiff brought this action with the Court. Plaintiff did ultimately receive a right-to-sue letter from the agency. Defendant filed its motion to dismiss alleging that the Court lacked jurisdiction to hear the case because 42 U.S.C. § 2000e–16(c) provides that prior to filing a civil action for employment discrimination in United States District Court, 180 days must first pass after the employee has filed a complaint of discrimination with the employing agency or the complaint must be filed within thirty days of receipt of a right-to-sue notice. Defendant argues that plaintiff has not

acted in compliance with the statute. Plaintiff contends that this Court can properly retain jurisdiction over her complaint and requests the Court to accept her complaint as timely filed upon receipt of the right-to-sue letter. Should this Court deny plaintiff's request, she would be time barred from maintaining this suit in court as the 30 day period from receipt of the right-to-sue notice has lapsed.

## II. *The Law*

■ The Court of Appeals for the District of Columbia has just recently noted that "receipt of a right-to-sue notice during the pendency of the Title VII action cures the defect caused by the failure to receive a right-to-sue notice before filing a Title VII claim in federal court." *Harry M. Williams v. Washington Metropolitan Area Transit Authority, et al.*, 721 F.2d 1412 at 1418, n. 12 (D.C.Cir.1983) (per curiam, dictum). This is exactly what occurred in the case before this Court. Plaintiff received her right-to-sue notice while her case was pending before the Court, which, accepting the above statement by the Court of Appeals, cured any of her previous defects.

■ Furthermore, the time provisions of Title VII actions are subject to equitable modification. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (requirement that EEOC charge be timely filed is not jurisdictional prerequisite). In *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 475 (D.C.Cir.1976), the Court, in referring to the ninety day limit for filing charges with the EEOC, held:

> We need not indicate a view on specific equitable modifications which the courts have seen fit to make. But we are in accord with the principle that the time provisions of Title VII are subject to equitable modification. Nothing in the legislative history compels us to treat those provisions as jurisdictional; on the contrary, the legislative history, although very limited on the time provisions, suggest that Congress intended them to operate similarly to statutes of

limitations (footnote omitted). Therefore, to modify those time provisions to serve the dictates of sound equitable considerations would not seem to be inconsistent with congressional intent.

> ... procedural technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process ....

Because the plaintiff is an equal opportunity specialist and her attorney an experienced EEOC litigator, there is scant basis for applying the equitable modification doctrine. However, the plaintiffs in *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211 (5th Cir. Unit B 1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983), were in a position similar to that in which Alicia Perry finds herself. The plaintiffs in *Pinkard* filed a charge alleging employment discrimination with the EEOC and four days later commenced a civil action in federal district court without first receiving a right-to-sue notice. Ultimately, the plaintiffs did receive a right-to-sue notice; however, the district court dismissed the Title VII claim for lack of jurisdiction because the plaintiffs failed to await the issuance of their right-to-sue letters before filing suit. The Court of Appeals reversed holding that the receipt of a right-to-sue letter is a condition precedent to a Title VII claim rather than a jurisdictional prerequisite, and that the receipt of the letters by the claimants prior to dismissal of their Title VII claims cured their failure to initially properly satisfy the condition precedent. *Id.* at 1215. *See Jackson v. Seaboard Coastline Railroad Co.*, 678 F.2d 992 (11th Cir.1982). Likewise, the Court is constrained to accept that the receipt of a right-to-sue notice by Alicia Perry cured her failure to initially satisfy the condition precedent of awaiting the receipt of that letter and therefore this Court has jurisdiction to hear her claim. The fact that the case at hand names as the defendant an agency of the government and not a private employer, as in the cases referred to above, does not alter plaintiff's argument. *Fouche v. Jekyll Island-State*

*Park Authority*, 713 F.2d 1518, 1525 (11th Cir.1983) (No precedent to support the argument that Title VII preconditions, even if not jurisdictional prerequisite in suits between private parties, are jurisdictional prerequisites ... when defendant is an arm of the state.)

This Court does take recognition of Judge Clark's dissent on jurisdiction in *Pinkard v. Pullman-Standard, supra* at 1219. The Court has a similar concern expressed in the dissent, that claimants in Title VII actions need no longer exhaust their administrative remedies before filing a complaint in federal district court. The dissent in *Pinkard* was concerned that there is nothing to stop a Title VII plaintiff from filing an EEOC claim and then immediately file a complaint in federal district court, and after 180 days obtain a right-to-sue notice from the EEOC in which it (the EEOC) can say that mediation has been obviated by the pending lawsuit. *Id.* at 1220. However, in retaining jurisdiction in this case and in permitting the plaintiff to proceed with her suit, this Court has taken into consideration the fact that the defendant had been on notice of plaintiff's claim and that unlike *Pinkard*, the agency did not issue a right-to-sue letter "simply because a suit had already been filed in district court." *Id.* at 1221. In the case before the Court the right-to-sue notice was issued after full consideration of plaintiff's allegations.

For the foregoing reasons, the Court holds that plaintiff's ultimate receipt of a right-to-sue notice cured her failure to initially satisfy the statutory requirements before filing a complaint with the Court. The defendant's motion to dismiss must be denied.